**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

**UNITED STATES OF AMERICA** :

  **v.** : **CRIMINAL NO. 3:19-147**

**WALTER GILCHRIST,** : (JUDGE MANNION)

    **Defendant** :

## MEMORANDUM

Presently before the court is the January 15, 2021 motion *in limine* filed by the government in which it requests that the court find evidence of the predicate sex offense conviction alleged in the Indictment to be admissible and self-authenticating, and that the court instruct the jury, as a matter of law, that the defendant's prior New York conviction for Rape in the First Degree, if proved, qualifies as a sex offense under the Sex Offender Registration Notification Act (SORNA). (Doc. 45). Defendant, through his counsel, opposes the motion. For the reasons set forth below, the government's motion will be **GRANTED**.

## I.    BACKGROUND

On May 7, 2019, a federal grand jury charged the defendant, Walter Gilchrist, a/k/a Walter Gilcrest, with failure to register as a sex offender, in

violation of 18 U.S.C. §2250(a). (Doc. 1). Specifically, the Indictment contained one Count and charged:

> Beginning November 2009 and continuing up to the date of this Indictment, in the Middle District of Pennsylvania and elsewhere, the defendant, Walter Gilchrist, a/k/a Walter Gilcrest, a person required to register under the Sex Offender Registration and Notification Act, and a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reasons of a Rape conviction in the first degree under the laws of the State of New York, and having traveled in interstate commerce, did knowingly fail to register and update registration information, as required by the Sex Offender Registration and Notification Act.

The charge under §2250(a) is predicated on Gilchrist's prior New York conviction for Rape in the First Degree, in violation of New York Penal Law §130.35(1).

The government's motion *in limine* has been briefed and an Exhibit have been submitted. (Docs. 45, 45-1 & 48). The matter is now ripe for this court's review. The court granted defendant's motion to continue the trial, and the trial in this case is scheduled to commence on April 26, 2021.

## II.    STANDARD

"The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *United States v. Tartaglione*, 228 F.Supp.3d 402, 406 (E.D.Pa.

2017). On a motion *in limine*, evidence should only be excluded "when the evidence is clearly inadmissible on all potential grounds." *Id.* Evidentiary rulings on motions *in limine* are subject to the trial judge's discretion and are therefore reviewed for an abuse of discretion. *Abrams v. Lightolier, Inc.*, 50 F.3d 1204, 1213 (3d Cir. 1995); *Bernardsville Bd. of Educ. v. J.H.*, 42 F.3d 149, 161 (3d Cir. 1994). "The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial." *Ridolfi v. State Farm Mutual Auto. Ins. Co.*, 2017 WL 3198006, *2 (M.D. Pa. July 27, 2017). Further, "[c]ourts may exercise this discretion in order to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence." *Id.*

"A trial court considering a motion *in limine* may reserve judgment until trial in order to place the motion in the appropriate factual context." United States v. Tartaglione, 228 F.Supp.3d 402, 406 (E.D. Pa. 2017). "Further, a trial court's ruling on a motion *in limine* is 'subject to change when the case unfolds, particularly if actual testimony differs from what was contained in the movant's proffer.'" *Id.* (quoting Luce v. United States, 469 U.S. 38, 41, 105 S.Ct. 460 (1984)).

- 3 -

### III.    DISCUSSION

The government contends that the defendant's certified record regarding his December 1991 New York State conviction for Rape in the First Degree, (*see* Doc. 45-1), is admissible and self-authenticating, and that the court should instruct the jury, as a matter of law, that if it proves the defendant's conviction, the conviction qualifies as a "sex offense" under the Sexual Offender Registration and Notification Act ("SORNA"), pursuant to Federal Rules of Evidence 902(1) and 803(22).

"Congress enacted SORNA 'to protect the public from sex offenders and offenders against children' by 'establish[ing] a comprehensive national system for the registration of [sex] offenders.'" U.S. v. Cooper, 750 F.3d 263, 264 (3d Cir. 2014) (citing 42 U.S.C. §16901). In relevant part, SORNA requires that "all sex offenders 'shall register, and keep the registration current,' in each state where the offender lives, works, or attends school." *Id.* at 265 (citing 42 U.S.C. §16913(a)). "SORNA makes it a federal crime for any person who is required to register, and who travels in interstate or foreign commerce, to knowingly fail to register or to update registration." *Id.* (citing 18 U.S.C. §2250(a)). Further, if a sex offender is required to register under

SORNA, "that offender can be convicted under §2250 if he thereafter engages in interstate or foreign travel and then fails to register." *Id.* (citation omitted).

Specifically, §2250(a) provides:

> Whoever (1) is required to register under [SORNA]; (2)(A) is a sex offender as defined for the purposes of [SORNA] by reason of a conviction under Federal law ..., or the law of any territory or possession of the United States; or (B) travels in interstate or foreign commerce, …; and (3) knowingly fails to register or update a registration as required by [SORNA]; shall be fined under this title or imprisoned not more than 10 years, or both.

Here, the government seeks to introduce at trial a certified copy of Gilchrist's December 11, 1991 conviction (sentenced on January 13, 1992) in the Supreme Court of the State of New York, New York County, for Rape in the First Degree, in violation of New York Penal Law §130.35(1). (*See* Doc. 45-1).

Initially, the court must consider whether the certified copy of Gilchrist's December 11, 1991 conviction in New York for Rape in the First Degree, (Doc. 45-1), is self-authenticating under FRE 902(1) as a domestic public document under seal, and whether it is admissible as a hearsay exception and as a final judgment of previous conviction under FRE 803(22).

Gilchrist concedes that Rule 902 permits public documents to be self-authenticated by a sealed signature, and that the government's Exhibit, Doc. 45-1, has a seal and a court clerk's signature, but he argues that the New York "Certificate of Disposition" proffered by the government is not admissible at trial under FRE 803(22) to prove that he was in fact convicted of the rape offense alleged. He relies upon U.S. v. Hernandez, 218 F.3d 272 (3d Cir. 2000), for support and its holding that certificates of disposition are not the judgments of conviction. The court finds no merit to Gilchrist's contention. The government's Exhibit is evidence of a final judgment of conviction under Rule 803(22) as it plainly meets the requisite elements. *See* U.S. v. Drapeau, 73 F.Supp.39 1086, 1091 (D.S.D. 2014) ("Rule 803(22) does not preclude the admission of the conviction to prove the defendant had the conviction, as the conviction is not used to prove the defendant was in fact guilty of the underlying offense, but that there was a conviction.") (citation omitted). Also, Hernandez is distinguishable from this case since it dealt with the determination of predicate offenses for purposes of sentencing. Further, Gilchrist does not address the government's additional contention that its Exhibit is self-authenticating and is admissible under FRE 902(1) as a domestic public document under seal. The court finds that the

certificate of disposition signed by the court clerk for New York Supreme Court, New York County, bearing a seal of the court and, includes a notarized affidavit from the Office Assistant of the Sex Offender Registry for the New York State Division of Criminal Justice Services, qualifies as a self-authenticating public document under seal pursuant to FRE 902(1). *See* U.S. v. Vance, 215 Fed.Appx. 360 (4th Cir. 2007). Therefore, the government's Exhibit is admissible.

The court must now consider whether Gilchrist's New York rape conviction qualifies as a sex offense for purposes of SORNA. No doubt that Gilchrist's sex offense conviction was prior to SORNA's effective date of July 27, 2006, and that SORNA requires individuals convicted of sex offenses after its enactment date to register or face criminal penalties. However, SORNA also applies to Gilchrist based on his 1991 New York State conviction. *See* Pavulak v. U.S., 248 F.Supp.3d 546, 568-69 (D. De. 2017) (holding that "it would appear that the earliest possible effective date of SORNA for pre-enactment sex offenders in the Third Circuit is the date on which the SMART Guidelines became effective: August 1, 2008."); U.S. v. Crosby, 568 Fed.Appx. 118 (3d Cir. 2014) (Third Circuit held that although defendant's 2002 New York State conviction for attempted rape in the first

degree preceded the enactment of SORNA in 2006, the "later administrative rules promulgated by the Attorney General applied SORNA's requirements to individuals, such as [defendant], whose qualifying sex-offense convictions predated the statute."). Thus, if it qualifies, Gilchrist's sex offense in 1991 in the New York Supreme Court "required him to register under SORNA as of August 1, 2008, thereby satisfying the first element of §2250(a)." Pavulak, 248 F.Supp.3d at 569. *See also* U.S. v. Stacey, 570 Fed.Appx. 213 (3d Cir. 2014). Additionally, "[o]nce a person becomes subject to SORNA's registration requirements ... that person can be convicted under §2250 if he thereafter travels and then fails to register." United States v. Pendleton, 636 F.3d 78, 83 (3d Cir. 2011) (citation omitted).

"SORNA also contains separate requirements applicable to sex offenders", and "SORNA requires a 'sex offender' to 'register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student.'" Thomas v. Blocker, 2018 WL 8578007, *6 (M.D. Pa. Nov. 26, 2018) (citing 34 U.S.C. §20913), adopted by 2019 WL 1275076 (March 20, 2019), affirmed 799 Fed.Appx. 131 (3d Cir. 2020), cert. denied 141 S.Ct.164 (2020). Also, SORNA "defines 'sex offender' broadly to include any 'individual who was

convicted of a sex offense.'" *Id.* (citing <u>Reynolds</u>, 565 U.S. at 442 (quoting 42 U.S.C. §16911(1) (now codified at 34 U.S.C. §20911)). Further, "[SORNA] broadly defines 'sex offense' to include 'a criminal offense that has an element involving a sexual act or sexual contact with another.'" *Id.* (citing 34 U.S.C. §20911(5)(A)(i)).

The government asserts that Gilchrist's 1991 New York State first degree rape by forcible compulsion conviction, in violation of New York Penal Law §130.35(1), qualifies as a sexual offense as contemplated by SORNA, since "the Rape conviction is a criminal offense which includes an element involving a sexual act or sexual contact with another person." (Doc. 45 at 4).

"SORNA defines 'sex offender' to mean 'an individual who [has been] convicted of a sex offense'", and "SORNA defines 'sex offense' to include: (i) a criminal offense that has an element involving a sexual act or sexual contact with another." <u>U.S. v. Vineyard</u>, 945 F.3d 1164, 1168 (11th Cir. 2019) (citing 34 USC §20911(1) and §20911(5)(A)(i)). Therefore, the court must decide whether Gilchrist's New York rape conviction "'has an element involving ... sexual contact with another' and thus qualifies as a sex offense under SORNA." *Id.* at 1169.

Gilchrist maintains that if the government's instant motion is granted, then he should be classified as a sex offender under Tier I. He states that when comparing the broadest definition of rape under New York law in 1991 to the relevant federal counterparts of aggravated sexual abuse or sexual abuse, under 18 U.S.C. sections 2241 and 2242, "New York's definition does not contain a mens rea" that the counterparts contain, and "'physical injury'" [in New York's law] is broader than the federal definition for 'serious bodily injury.'" He also states that the "federal exclusion from 'fear' is specifically included in the state definition." As such, Gilchrist concludes that "[t]he New York statute is indivisible as the definition for forcible compulsion are means", and "[t]he scope of first degree rape in New York is broader than the federal counterpart." However, he concedes that his New York rape offense "would still qualify as Tier I offense."

"Under [SORNA], sex offenders are required to register (and keep their registration current) for a period of time after their conviction. 34 U.S.C. §20913(c)." U.S. v. Marrero, 2020 WL 6637584, *1 (E.D. N.Y. Nov. 12, 2020). "The amount of time a sex offender must register varies according to the offense of conviction." Id. "A 'tier I' offender must register for fifteen years,

a 'tier II' offender must register for twenty-five years, and a 'tier III' offender must register for life." *Id.* (citing 34 U.S.C. §20915(a)).

In determining whether Gilchrist's New York rape conviction is a sex offense under SORNA, courts in other circuits use the categorical approach, namely, 1st Circuit, 5th Circuit, 7th Circuit, 9th Circuit, 10th Circuit, 11th Circuit. *See* Vineyard, 945 F.3d at 1169. *See also* U.S. v. George, 223 F.Supp.3d 159, 162 (S.D. N.Y. 2016 ("The Court concludes that case law requires the use of a 'categorical approach' in interpreting SORNA's application to an individual's predicate sex offense."); Marrero, 2020 WL 6637584, *2 ("'Although the Second Circuit [and Third Circuit] ha[ve] not yet addressed this question, every Court of Appeals to do so has held that the categorical approach applies to determine a sex offender's 'tier,' given SORNA's instruction to compare the relevant 'offenses.'") (string citations from the First, Fourth, Fifth, Sixth, Seventh, Ninth, and Tenth Circuits omitted).

The Third Circuit has not yet decided whether courts should apply the categorical approach to determine whether a state conviction qualifies as a sex offense under SORNA. Nonetheless, the court finds the holdings in the above listed Circuits persuasive and shall apply the categorical approach. *See* Vineyard, 945 F.3d at 1170 ("based on SORNA's plain language, we

hold that a categorical approach must be applied to determine whether [Gilchrist's] [rape] conviction 'has an element involving ... sexual contact with another' such that it qualifies as a SORNA sex offense.") (string citations of other Circuits omitted). As such, the court can only consider the fact of Gilchrist's conviction and the elements of New York's rape statute "to determine whether [his] conviction qualifies as a sex offense under SORNA's sexual contact provision." Vineyard, 945 F.3d at 1170 ("The statutory focus on an individual having been convicted of an offense with a specified element makes it clear that 'Congress intended the sentencing court to look only to the fact that the defendant had been convicted of crimes falling within certain categories, and not to the facts underlying the prior convictions.'" "That is, Congress intended courts to apply a categorical approach to determine whether a conviction qualifies as a sex offense under the sexual contact provision of SORNA.") (internal citations omitted). Further, since the New York rape law is indivisible, the court does not use the hybrid or modified categorical approach.

As the Court in Vineyard, 945 F.3d at 1170-71, explained, "[u]nder the categorical approach, [Gilchrist's New York] conviction will only qualify as a sex offense under SORNA if the [New York rape] statute under which he was

convicted covers the same conduct as—or a narrower range of conduct than—SORNA." (citing, in part, Welch v. United States, ——— U.S. ———, 136 S. Ct. 1257, 1262 (2016) ("Under the categorical approach, a court assesses whether a crime qualifies as a [predicate offense] in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion."). Thus, "[Gilchrist's] conviction will only qualify as a sex offense under SORNA if the sexual contact required by [New York's] [rape] statute is materially the same as—or less encompassing than—the definition of the term sexual contact as used in SORNA. *Id.* "If [New York's] definition of sexual contact 'sweeps more broadly' than SORNA's, "[Gilchrist's rape] conviction cannot qualify as a sex offense under the sexual contact provision of SORNA regardless of [his] actual conduct in committing the offense." *Id.* (citation omitted).

In its motion, the government, (Doc. 45 at 4-5), contends:

New York Penal Law §130.35(1) provides that "[a] person is guilty of rape in the first degree when he or she engages in sexual intercourse with another person" in one of three separate ways, including "(1) by forcible compulsion." *Id.* "Sexual intercourse" under New York Penal Law is defined as: "Sexual intercourse" has its ordinary meaning and occurs upon any penetration, however slight." New York Penal Law §130.00(1) (definitions). "Sexual contact" means sexual intercourse, oral sexual conduct, anal sexual conduct, aggravated sexual contact, or sexual contact. *Id.* 130.00.10. The crime thus necessarily "involves a sexual act or sexual contact with another, and accordingly is a "sex

offense" under SORNA. *See* United States v. Crosby, 568 F.App'x 118 (3d Cir. 2014) (affirming SORNA conviction where qualifying sex offense was New York attempted rape in the first degree).

In 1991, New York Penal Law §130.35 provided:

A male is guilty of rape in the first degree when he engages in sexual intercourse with a female:

1. By forcible compulsion; or

2. Who is incapable of consent by reason of being physically helpless; or

3. Who is less than eleven years old.

"'Forcible compulsion' [regarding a first-degree rape in violation of New York Penal Law §130.35(1)] means to compel by either use of physical force or 'a threat, express or implied, which places a person in fear of immediate death or physical injury to himself, herself or another person, or in fear that he, she or another person will immediately be kidnapped.'" Blond v. Graham, 2014 WL 2558932, *21 (N.D. N.Y. June 6, 2014) (citing N.Y. Penal Law §130.00(8)).

"Physical injury" under the New York law meant "impairment of physical condition or substantial pain." "Serious physical injury" was defined as: "physical injury which creates a substantial risk of death, or which causes

- 14 -

death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ."

Moreover, rape in the first degree under New York law is a class B felony, *see* N.Y. Penal Law §130.35, and a defendant can face up to 25 years' imprisonment if convicted of a class B felony, *see* N.Y. Penal Law §70.00(2)(b).

SORNA "specifies the conduct that qualifies as a 'sexual act' or 'sexual contact', and "[a] 'sexual act' involves contact with or penetration of the penis, vulva, anus, or genital opening", '[s]exual contact' [as used in 18 U.S.C. §2244], is 'the intentional touching, either directly or through the clothing of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.'" U.S. v. George, 223 F.Supp.3d 159, 161 (S.D. N.Y. 2016) (citing 18 U.S.C. §2246(3)).

As mentioned, Gilchrist contends that the definition of rape under New York law must be compared to the relevant federal counterparts of aggravated sexual abuse or sexual abuse to determine if his rape conviction qualifies under Tier III. Gilchrist also relies upon the definition of the term "seriously bodily injury" as defined by §2246. In its motion, the government

fails to address under what Tier Gilchrist would fall if his rape conviction qualifies as a predicate offense under SORNA.

Thus, the court must decide whether Gilchrist's rape qualifies him as a sex offender under SORNA and, if so, whether he should be classified as a Tier I sex offender, as he suggests, or a Tier III sex offender.

The definition of a Tier III sex offender includes "a sex offender whose offense is punishable by imprisonment for more than 1 year and (A) is comparable to or more severe than ... (i) aggravated sexual abuse or sexual abuse (as described in sections 2241 and 2242 of Title 18)." 34 U.S.C. §20911(4). "Thus, if a state statute is comparable to or more severe than the federal offenses of aggravated sexual abuse, sexual abuse, or abusive sexual contact, a defendant with a prior conviction under that state statute will be subject to the Tier III base offense level." U.S. v. Young, 872 F.3d 742, 745 (5th Cir. 2017). As indicated, the categorical approach should be used in determining a sex offender's tier and in determining if the New York rape statute is "comparable to or more severe than" the federal offenses of aggravated sexual abuse or abusive sexual contact. Id.

"A defendant [such as Gilchrist] challenging the comparability of the two statutes must 'show a realistic probability, not a theoretical possibility,

- 16 -

that the State would apply its statute to conduct that falls outside the generic definition of the crime.'" U.S. v. Flint, 2018 WL 473427, *2 (W.D. La. Jan. 18, 2018) (citations omitted). "To do so, a defendant must demonstrate that the state courts, either in his own case or in other cases, have applied the state statute to criminalize conduct that would not satisfy the elements of the federal statute." *Id.* (citations omitted).

The pertinent provision of SORNA in this case requires an offense to have "an element involving ... sexual contact with another" to qualify as a sex offense, *see* §20911(5)(A)(i), and the court finds that New York's rape statute does have such an element and that the statute "categorically requires sexual contact as that term is commonly understood", and thus qualifies as a sex offense under SORNA. *See* Vineyard, 945 F.3d at 1172. The court finds that the New York rape statute is comparable to the stated generic federal counterparts. The court also finds that New York would not have applied its rape statute in 1991 to conduct outside of the federal counterparts. Even though the New York rape law did not require a defendant to knowingly cause another person to engage in a sexual act, it did require a male to engage in sexual intercourse with a female by the use of "forcible compulsion", i.e., the use of physical force or a threat, express or implied,

- 17 -

which places a person in fear of immediate death or physical injury (i.e., impairment of physical condition or substantial pain) to herself. The federal offense of aggravated sexual abuse includes causing another person to engage in a sexual act by using force against the other person or by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury. The court finds that the terms "engages in sexual intercourse with a female", as used in the New York statute, and "knowingly causes another person to engage in a sexual act", in the federal counterpart, do not alone establish that the State statute criminalized a broader category of conduct since they both additionally required the comparable elements of threatening or placing the other person in fear of "physical injury", as used in the New York statute, and "serious bodily injury", as used in the federal law. *See* People v. Scaife, 507 N.YS. 2d 141, 143 (S.C. N.Y. 1986) (holding New York Penal Law section 130.35 "requires the [] elements of the use of physical force or threats, express or implied, which places the victim in fear of immediate death or physical injury to herself."). Also, both statutes have a similar "fear" element. Under the categorical approach, the court must consider all of the requirements of the two statutes. Since the New York statute criminalized a subset of the conduct

criminalized by the federal counterpart for aggravated sexual abuse under to §2241(a), they are comparable. *See* U.S. v. Coleman, 681 Fed.Appx. 413, 416-17 (5th Cir. 2017) ("The plain language of SORNA requires only that the offenses be 'comparable.'") (citing, in part, United States v. Morales, 801 F.3d 1, 7-8 (1st Cir. 2015) (stating that the "comparable to" language may provide the court with "some flexibility when examining [ ] offenses")). *See also* Flint, 2018 WL 473427, *2 ("Although the comparison focuses only on the elements of each offense, for SORNA purposes 'it is not necessary that the two crimes be identical,' and the state offense may be 'slightly broader' than the federal offense.") (citations omitted).

Based on the above discussions, the court finds that Gilchrist's New York rape conviction is comparable to the generic federal offense of aggravated sexual abuse under 18 U.S.C. §2241. Gilchrist has not met his burden to show that the New York state courts applied the rape statute to criminalize conduct that would not satisfy the elements of the federal statute. He therefore qualifies as a Tier III sex offender since the "sexual contact" element of his rape conviction was for conduct prohibited by the federal law, and he has committed a sex offense as defined by §§16911(5)(A)(i) and 2246(3) of SORNA. *See* U.S. v. Gudger, 624 Fed.Appx. 394, 397 (6th Cir.

2015) ("SORNA extends to a person convicted of a crime that involves a sexual act or sexual contact with another, no matter the jurisdiction in which the conviction was entered.").

Thus, the court classifies Gilchrist as a Tier III offender. *See* 42 U.S.C. §16911(4) (a "tier III sex offender" is a "sex offender whose offense is punishable by imprisonment for more than 1 year and ... is comparable to or more severe than" the federal crimes of aggravated sexual abuse or sexual abuse). *See also* Bell v. PA Board of Probation and Parole, 2019 WL 5692768, *5 (M.D. Pa. Nov. 4, 2019) ("SORNA provides that an individual convicted of the crime of Rape shall be registered for life as a Tier III sex offender, to appear in person quarterly at an approved registration site to verify the information provided to the Pennsylvania State Police, and to be photographed.") (citing 42 Pa.C.S. §§9799.14(d)(2) (relating to rape), (d)(10) 18 U.S.C. §2241 (relating to aggravated sexual abuse), and (d)(11) 18 U.S.C. §2242 (relating to sexual abuse)).

Next, the court considers whether it can instruct the jury that Gilchrist's first degree New York rape conviction qualifies as a sex offense under SORNA.

As indicated above, the government must prove that Gilchrist was required to register under SORNA and, that he traveled in interstate commerce and knowingly failed to register and update his registration information. The government is relying upon Gilchrist's first degree New York rape conviction to show that he had to register under SORNA. The government states that while "[t]he question whether the conviction occurred and the identity of the defendant who received the conviction is a factual question for the jury", "[i]t is a purely legal question, …, whether [Gilchrist's] New York conviction for Rape in the First Degree is a crime that includes an element involving a sexual act or sexual contact" and that "no factual determination [is] required." (Doc. 45 at 6). Thus, the government contends that since "the determination is based solely on an examination of the elements of the statute of conviction", "[it is] proper for the Court to instruct the jury that [Gilchrist's] [rape] offense constitute[s] a sex offense as a matter of law." (Id.).

It is "a pure question of law" regarding the court's determination as to "which approach to statutory interpretation should be used to evaluate a predicate offense under SORNA, and, using the correct approach, decide

- 21 -

whether [defendant's] predicate offense is covered by SORNA." <u>U.S. v. George</u>, 223 F.Supp.3d 159, 163 (S.D. N.Y. 2016).

In this case, the jury will have to decide if Gilchrist was in fact convicted of rape in New York and if he failed to register under SORNA. However, the court can instruct the jury that a conviction for Rape in the First Degree under New York law qualifies as a "sex offense" under SORNA, as a matter of law. As indicated above, it is clear that such a determination involves a legal analysis, rather than factual questions for the jury. *See* <u>George</u>, 223 F.Supp.3d at 167 (court held that it was a "purely legal question of whether the [state] statute is written such in a way that violating it constitutes a predicate offense under SORNA §16911(5)(A)(i)"); <u>U.S. v. Walker</u>, 2018 WL 3325909, *5 (E.D. Wi. July 6, 2018) (court found that "while the question of whether the defendant was required to register under SORNA normally would be a question for a jury to determine, the court must make the legal determination of whether the defendant's tier classification required him to register on the dates in the indictment.").

Thus, the government will be allowed to admit into evidence at trial the certificate of disposition regarding Gilchrist's 1991 New York rape conviction.

(*See* Doc. 45-1). Therefore, the court will grant the government's motion *in limine*.

Accordingly, the court will give the jury the following instruction proposed by the government:

> You have heard evidence that the defendant, Walter Gilchrist, was convicted of Rape in the First Degree in the State of New York. It is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it.
>
> You are instructed, however, as a matter of law, that if you find that the defendant, Walter Gilchrist, was convicted of this offense, then he would be classified as a "sex offender" under federal law because the offense qualifies as a "sex offense" as defined by the Sex Offender Registration Notification Act (SORNA).

## IV. CONCLUSION

Accordingly, the government's motion *in limine*, **(Doc. 45)**, is **GRANTED** with regard to the admission of Gilchrist's New York rape conviction and for an instruction from the court that this conviction qualifies as a sex offense under SORNA. An appropriate order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: March 3, 2021**
19-147-01

- 23 -